RAFAEL H. LÓPEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 738.  Submitted November 5, 1928.—Decided November 16, 1928.

*García Méndez & García Méndez* for the appellant.   The registrar appeared by brief.

Mr. Justice Texidor delivered the opinion of the court.

Angel Santoni Cardona, over nineteen years of age, married, resident of Rincón and owner of an undivided eleventh part of a rural property in the wards of Río Grande and Punta of the municipal district of Rincón, sold his said interest to Rafael H. López by a public deed executed on June 28, 1928, before notary Manuel A. García Méndez.   It was stated in the deed that vendor Santoni had been emancipated by a decree of the District Court of Aguadilla.   A copy of that deed was presented for record in the registry of property of Aguadilla and with it was exhibited a certificate of the decree of the District Court of Aguadilla in civil case No. 6850 entitled Ex Parte Angel Santoni y Cardona, Emancipation by Judicial Decree, reading in part as follows:

"The Court decrees the emancipation of the minor Angel Santoni y Cardona and orders that he be considered as of age for all legal effects, without exception."

The registrar of property of Aguadilla refused to record the said deed of sale for the stated reason that the emancipation of the minor Angel Santoni y Cardona by the District Court of Aguadilla ordering that he be considered as of age for all legal effects, without exception, is limited as regards real property to its management, but in order to alienate or encumber it the minor needs the consent of a tutor, and because it appears from the deed that the minor was already emancipated by marriage, a fact which the court had no knowledge of when it disposed of the matter.

This appeal has been taken from that decision and both the appellant and the registrar have filed very able briefs.

The Civil Code, in section 302, recognizes four kinds of emancipation. Under the heading "Title XI.—Emancipation and Majority" the Code defines the difference between them, majority being a determination of time or circumstance for the disappearance of the restriction of the capacity on account of age and for the acquisition of full capacity.

Of the other kinds of emancipation included in the Code a marked difference between them is observed. Some are the origin of rights and at the same time preserve important restrictions. Another is simply the acquisition of rights and capacity without any restriction.

The heading of Chapter II of Title XI of Book First of the Civil Code reads: "Emancipation Conferring the Power to Administer Property."

The limitation appears clearly marked. It is not a kind of emancipation which converts the emancipated person into one of majority, but which gives him the power as indicated by section 303 of the Code, "for the sole purpose of administering his property," and even as regards this management, with the restrictions stated in section 307 of the Code, which reads as follows:

"Emancipation capacitates the minor to govern his property and person as if he were of age; but until he attains his majority the said emancipated person cannot make any promise or contract any obligation exceeding in value the amount of his income for one year. Neither can he encumber or sell his real property, without the consent of his father, or in default thereof, that of his mother, or in the proper case, that of his tutor. Neither may he appear in a suit without the appearance of the said persons."

A minor is emancipated by marriage, although with the restrictions in regard to the alienation and mortgage of real property imposed on him by section 309 of the Civil Code, obviously less rigid than those imposed on the emancipated minor for managing his property.

And, finally, a minor who has lost both parents may be emancipated in accordance with sections 312, 313, 314, 315 and 316 of the Civil Code, being considered as of age for all legal effects, without exception (section 316 of the Civil Code). Here the Code intended to give to emancipation granted by public power the greatest and most complete extent. There is no civil effect that is not reached by this emancipation; no restriction whatever for the emancipated minor who is thus judicially emancipated in the exercise of his majority. If it were desired to limit the judicial emancipation, recourse might be had to section 304 of the Code, as follows:

"A minor who shall have completed the said age of eighteen years may also be emancipated by a decision of the district court for the purpose of administering his property, in the manner prescribed in Chapter IV of this Title.

"Emancipation may be petitioned for either by a relative of the minor or by the minor himself."

So that judicial emancipation may go as far as the highest declaration of rights ("all legal effects, without exception") or may be limited to the management of property (section 304) with the restriction set forth in Chapter II, Title XI, Book First, of the Code.

The emancipation in this case having been decreed under section 316 of the Civil Code, it no doubt exists as regards the capacity of Angel Santini y Cardona to sell his property.

The fact that when the decree was granted by the District Court of Aguadilla the minor was married and emancipated by that marriage has not the importance sought to be given to it. That emancipation was restricted and he could aspire to and secure a more complete emancipation.

For these reasons the decision of the registrar of property of Aguadilla from which this appeal was taken is reversed and the record of the instrument ordered.